UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re:**

**ATHENA DEVELOPMENT, LLC**                    Case No.: 8:12-bk-00011-MGW
                                                Chapter 11 Case
    **Debtor.**
_____/

**ORDER CONFIRMING SECOND AMENDED CHAPTER 11
PLAN DATED AS OF JUNE 13, 2012 (Doc. 114)**

This case having come on for hearing on June 19, 2012 ("Confirmation Hearing"), for the Court to consider confirmation of the Debtor's Second Amended Chapter 11 Plan dated as of June 13, 2012 (Doc. 114), along with any oral modifications described at the above Confirmation Hearing (collectively "Plan"), this Court having considered the proffers of evidence on the issues related to confirmation on June 19, 2012, this Court having heard argument from counsel for the Debtor, counsel for German American Capital Corporation ("GACC") and counsel for the Office of the United States Trustee, this Court having reviewed the Debtor's Declaration in Support of Confirmation of Debtor's Second Amended Chapter 11 Plan dated as of June 13, 2012 (Doc. 118) and GACC's Limited Objection to Debtor's Second Amended Chapter 11 Plan dated as of June ~~13~~ 18, 2012 (Doc. 120), and for the reasons stated orally and recorded in open court which shall constitute the record of this Court, this Court makes the following findings of fact and conclusions of law:

    1.    All capitalized terms herein shall retain their defined meaning as set out in the Plan, except for those terms which are expressly defined herein.

    2.    Notice of the Confirmation Hearing, along with all related deadlines, was good and sufficient notice to all creditors and other parties in interest.

    3.    The Amended Disclosure Statement in Support of Athena Development Group LLC's Chapter 11 Plan dated as of June 13, 2012 (Doc. 115) ("Disclosure Statement") contains

adequate information within the meaning and effect of 11 U.S.C. §1125 and is hereby APPROVED in light of GACC's withdrawal of its Objection to the Disclosure Statement filed by GACC (Doc. 120) at the Confirmation Hearing.

4. The Motion for Order Determining that Modification of Plan Does Not Adversely Change Treatment of Any Creditor or Interest Holder (Doc. ~~16~~ 116) is hereby GRANTED following GACC's acceptance of the Plan at the Confirmation Hearing and this Court's determination that the Plan modifications did not adversely change the treatment of any other creditor or interest holder.

5. The Plan complies with all applicable provisions of Title 11 of the United States Code and otherwise satisfies the applicable requirements of 11 U.S.C. § 1129(a)(1)-(16), initially with the exception of 11 U.S.C. § 1129(a)(8).

6. Classes 2, 3, 4, 5, 6, 7, 8 and 9 are all impaired under the Plan within the meaning and effect of 11 U.S.C. §1124, and the Debtor has received the requisite number and dollar amount of votes in support of the Plan from Classes 4 through 7, such that the Plan may be confirmed pursuant to 1129(b).

7. This Court initially heard GACC's Limited Objection to Debtor's Second Amended Chapter 11 Plan dated as of June ~~13~~ 18, 2012 (Doc. 120), and the Debtor amended the Plan *ore tenus* as follows:

> 5.01 (Class 3) GACC made election pursuant to 11 U.S.C. § 1111(b) requiring that the full amount of GACC's allowed claim be treated as secured and, in turn, waiving any unsecured deficiency claim admitting its claim is fully secured.

was modified orally at the Confirmation Hearing and was amended to read as follows:

> 5.01 (Class 3) GACC made its election pursuant to 11 U.S.C. § 1111(b) requiring that the full amount of GACC's allowed claim be treated as secured and, in turn, waiving any unsecured deficiency claim admitting its claim is fully secured. As a result, notwithstanding section 506(a) of Title 11 of the United States Code, GACC's only claim is a secured claim to the extent that such claim is allowed and pursuant to its treatment under the Plan and this Confirmation Order, the Debtor shall have no further liability to GACC.

SLK_TAM: #1478826v1                                2

and

    10.02    Confirmation and Post-Confirmation Restrictions. Consistent with the applicable provisions of the Order Confirming Second Amended Plan of Reorganization (Doc. 303)("SHS Confirmation Order") and the Order Establishing Post-Confirmation Restrictions on Operations (Doc. 360)("SHS Post-Confirmation Order") entered in Case No. 8:10-bk-25886-MGW of S.H.S. Resort, LLC, GACC shall be enjoined for a period of four (4) years from the Effective Date from taking any action against ODG or William Touloumis on account of their liability to GACC, so long as the Debtor makes timely payment of all obligations to GACC as required under the Plan. ODG, and its parent S.H.S. Resort, LLC, shall continue to be bound by the terms of the SHS Confirmation Order and the SHS Post-Confirmation Order, which are incorporated herein by reference. Following payment of GACC's Allowed Claim, consistent with this Plan and GACC election pursuant to 11 U.S.C. 1111(b), the Reorganized Debtor will be released from any further liability.

was modified orally at the Confirmation Hearing and was amended to read as follows:

    10.02    Confirmation and Post-Confirmation Restrictions. Following payment of GACC's Allowed Claim, consistent with this Plan and GACC's election pursuant to 11 U.S.C. 1111(b), the Reorganized Debtor will be released from any further liability.

8. Additionally, as a result of the Plan modifications described above and the announcements in open court at the Confirmation Hearing, GACC elected to be treated pursuant to Method 2 of Class 3 of the Plan. To effect the transfer of the properties to GACC under Method 2, GACC shall promptly:

    a.    take back all property of the Debtor securing GACC's allowed claim by either receipt of non-merging deeds-in-lieu of foreclosure and such other documents or conveyance reasonably requested by GACC or by institution or continuance of foreclosure proceedings in Georgia state court;

    b.    take back the Hiram Property owned by Olympia Development Group ("ODG") by either (i) having the Hiram Property transferred to Ledbetter Development, L.L.C. pursuant to that certain Sale and Purchase Agreement dated January 26, 2012, as has been

amended, with all proceeds thereon being paid directly to GACC, (ii) receipt of a non-merging deed-in-lieu of foreclosure and such other documents or conveyance reasonably requested by GACC, or (iii) institution or continuance of foreclosure proceedings in Georgia state court; and

   c. take back the Dunedin Property by non-merging deed-in-lieu of foreclosure and such other documents or conveyance reasonably requested by GACC. Notwithstanding the foregoing, the Debtor and ~~ODG~~ /Olympia Development Group shall have no further obligation to maintain insurance on or pay property taxes with respect to the GACC Lots, the Hiram Property and the Dunedin Property as of the Effective Date.

  9. In light of the resolution set forth in paragraphs 7 and 8 above, the Debtor withdrew its Debtor's Objection to Claim No. 1 of GACC (Doc. 123).

  10. Although the Plan and this Confirmation Order fully resolve GACC's claims against the Debtor in accordance with sections 1111(b) and 1129, this Confirmation Order does not adjudicate the effect of Plan confirmation (and the transfer of properties pursuant thereto) as to claims between non-Debtor third parties.

  11. As a result of the Plan modifications described above, GACC changed its ballot against the Plan to a ballot in favor of the Plan carrying Class 3, thereby providing the vote necessary for confirmation pursuant to 11 U.S.C. §1129(a)(8), making unnecessary resort to the 11 U.S.C. §1129(b) cramdown provisions.

  12. The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

  13. The Plan is feasible.

  14. The requirements of 11 U.S.C. § 1129(d) have been satisfied insofar as neither the avoidance of taxes nor the avoidance of the application of Section 5 of the Securities Act of 1933 is the principal purpose of the Plan.

15. The Debtor's Motion for Cramdown (Doc. 117) is hereby DENIED AS MOOT to the extent set forth herein.

16. The Plan is hereby CONFIRMED, subject to the modifications and amendments to the Plan described above and at the Confirmation Hearing.

17. To the extent that an irreconcilable conflict arises between any provision of the Plan as modified and as confirmed by this Confirmation Order, and any provision of any other pleading, paper, filing or oral pronouncement, this Confirmation Order shall control.

18. The Debtor is hereby authorized, directed and empowered, subject to the conditions set forth in the Plan, as amended herein and in this Confirmation Order, to take all such steps as may be necessary and appropriate to effectuate and implement the Plan, including, but not limited to, the payment in full of all Allowed Administrative Expenses, all payments to the Office of the United States Trustee, all payments and distributions of property to the holders of Allowed Claims of Classes 3-7 .

19. The provisions of the Plan and of this Confirmation Order shall be, and hereby are, binding on the Debtor, each holder of a Claim against the Debtor, and each other party in interest in this confirmed Chapter 11 case, whether or not the Claim or Interest is impaired under the Plan and whether or not the holder of such Claim or Interest has accepted the Plan, pursuant to 11 U.S.C. § 1141.

20. Any transfers made pursuant to the Plan and this Confirmation Order shall be exempt from any recording or stamp taxes to the fullest extent provided in 11 U.S.C. § 1146(a).

21. This Court shall retain the fullest jurisdiction as may be necessary to interpret and

enforce the terms and provisions of both the confirmed Plan and this Confirmation Order.

22. This Court will conduct a post-confirmation status conference on September 5, 2012 at 9:30am ET, at which time any remaining post-confirmation issues can be addressed.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on ____July 09, 2012____.

**Michael G. Williamson**
**United States Bankruptcy Judge**

**Copies furnished to:**

**Steven M. Berman, Esq.**, Shumaker, Loop & Kendrick, 101 E. Kennedy Blvd, Suite 2800, Tampa, FL 33602
**Harley Riedel, Esq.** Stichter, Riedel, Blain & Prosser, 110 E Madison St, Ste 200 Tampa, FL 33602-4700
**Adam Alpert, Esq.,** Bush Ross, P.A. P.O. Box 3913, Tampa, FL
**Patrick Lennon, Esq.,** MacFarlene Ferguson & McMullen, P.A., P.O. Box 1531, Tampa, FL 33601
**Melissa Youngman, Esq.,** McCalla Raymer, LLC, 225 E. Robinson Street, Suite 660, Orlando, FL 32801
**Nicole Peair, Esq.,** 501 E. Polk Street, Suite 1200, Tampa, FL 33602
**Local Rule 1007(d) Matrix**
**Office of the United States Trustee**, 501 E. Polk St., Suite 1200, Tampa, FL 33602